UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Delisia Dean,<br><br>                                     Plaintiff,<br><br>-v-<br><br>Stonybrook Southampton Hospital d/b/a/ Staffco of Brooklyn, et al.,<br><br>                                 Defendants. | 2:24-cv-2654<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

      Having been afforded several extensions of time to serve Defendants and to file proof of such service, Plaintiff Delisia Dean ("Dean"), acting pro se, has not complied with her obligations set forth in Rule 4(m) of the Federal Rules of Civil Procedure or with the Court's orders. Dean was repeatedly warned that failure to comply would result in dismissal of the Amended Complaint (Am. Compl., ECF No. 10). For the reasons that follow, and in accordance with the clear warnings of this consequence to Dean as set forth in the Court's prior orders, the Amended Complaint is dismissed without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

**BACKGROUND**

      On April 9, 2024, Dean filed a Complaint in this Court together with a motion to proceed in forma pauperis ("IFP"). (Compl., ECF No. 1; IFP Mot., ECF No. 2.) By Order dated April 19, 2024, the Court denied the IFP Motion and directed Dean to pay the $405 filing fee by May 3, 2024. (Order, ECF No. 5.) On May 7, 2024, Dean paid the fee late but did not present a summons, so none were issued by the Court. (Filing Fee Receipt, ECF No. 7.) By Electronic Order dated June 13, 2024, the Court informed Dean of her responsibility to serve the summons

and Complaint on Defendants in accordance with Rule 4(m) and warned that the Complaint would be dismissed without prejudice pursuant to Rule 4(m) and Rule 41(b), unless Dean properly served the Defendants by July 8, 2024, absent a showing of good cause for a failure to do so. (Elec. Order, June 13, 2024.) The Court also "encourage[d] Plaintiff to consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants." (*Id*.)

On July 8, 2024, Dean requested an extension of time to serve Defendants, and that request was granted by Electronic Order dated July 11, 2024 ("July 11 Order"). (Dean Ltr. Mot., ECF No. 8; Elec. Order, July 11, 2024.) The July 11 Order extended Dean's time to serve Defendants through August 16, 2024. (Elec. Order, July 11, 2024.) Rather than file proof of service, on August 14, 2024, Dean filed a letter motion requesting an extension of time to file an amended complaint. (Dean Ltr. Mot., ECF No. 9.) Dean's letter motion was granted by Electronic Order dated August 15, 2024, and the time for Dean to file her amended complaint was extended through September 16, 2024. (Elec. Order, Aug. 15, 2024.) On September 17, 2024, Dean untimely filed an Amended Complaint that added several new defendants, but she did not present a summons for issuance by the Clerk of the Court. (Am. Compl.)

By Electronic Order dated September 27, 2024 ("Sept. 27 Order"), the Court reviewed the procedural history of this case, accepted the untimely amended complaint for filing, and due to Plaintiff's pro se status, sua sponte found good cause to extend the deadline for service of process in accordance with Rule 4(m) through November 1, 2024. (Elec. Order, Sept. 27, 2024.) The Sept. 27 Order directed Dean to "**file proof of service with the Court within fourteen (14) days of service**" and cautioned, should Dean "fails to [serve defendants], the Amended Complaint will be dismissed without prejudice. Fed. R. Civ. P. 4(m)." (*Id*.)

On November 1, 2024, Dean filed a letter motion seeking yet another extension of time to serve Defendants. (Ltr. Mot., ECF No. 11.) In an abundance of caution and in light of Dean's pro se status, the Court granted a "final extension of time to serve defendants." (Elec. Order, Nov. 8, 2024.) The Court made clear that:

> **[it] will not grant any further extensions.** Plaintiff must serve the defendants by December 1, 2024. If Plaintiff fails to do so, the Amended Complaint will be dismissed without prejudice. Fed. R. Civ. P. 4(m). Plaintiff shall provide a copy of this Order to the defendants along with the summons and Complaint and shall file proof of service with the Court within fourteen (14) days of service.

(*Id.*) The Electronic Order was mailed to Dean at her address of record on November 12, 2024, and, to date, it has not been returned to the Court as undeliverable. Additionally, to date, Dean has not presented a summons for issuance by the Clerk of the Court and none have been issued. Nor has Dean otherwise communicated with the Court about this case.

## DISCUSSION

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In addition, Rule 41(b) provides a district court with the "authority to dismiss a plaintiff's case sua sponte for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). The central purpose of Rule 41(b) is to impose a duty of due diligence on plaintiffs and to allow Courts to adjudicate cases in a prompt and orderly manner. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see also* Fed. R. Civ. P. 41(b). In assessing whether dismissal

3

pursuant to Rule 41(b) is appropriate, the Second Circuit instructs district courts to balance five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).

Here, each of the five *Baptiste* factors weigh in favor of dismissing this action. Despite repeated extensions of time and multiple clear warnings of the consequence of a failure to serve Defendants, Dean's failure to serve them for over eight months has prejudiced Defendants who, without notice, cannot mount a defense. Relatedly, considerations of judicial economy weigh in favor of dismissal. Since Dean has done little to move this case forward, the Court's need to reduce docket congestion outweighs Dean's right to be heard in this case. *See, e.g.*, *Caussade v. United States*, 293 F.R.D. 625, 630–31 (S.D.N.Y. 2013) (while "[t]here is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," multiple cases have held that "[d]elays of several months have been found to warrant dismissal.") (collecting cases). Indeed, the "efficient administration of judicial affairs—a consideration vital to the Court's ability to provide meaningful access to other litigants—depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed." *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-cv-9311, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000). Thus, this factor, too, weighs in favor of dismissal under Rule 41(b). Finally, in light of Dean's failure to comply with the Court's orders, no lesser sanction would be appropriate. However, given that this dismissal is

4

also pursuant to Rule 4(m), dismissal without prejudice is warranted. *See Evans v. United States Dep't of Educ.*, No. 21-1521-CV, 2022 WL 1073802, at *2 (2d Cir. Apr. 11, 2022) (concluding that dismissal of lawsuit without prejudice was proper and within the district court's discretion because plaintiff never served the summons and complaint despite several extensions of time to do so and a warning that the consequence of noncompliance would be dismissal without prejudice, absent a showing of good cause); *see also Fantozzi v. City of New York*, No. 23-cv-1111, 2024 WL 1597745, at *2 (2d Cir. Apr. 12, 2024) (finding that the district court properly dismissed claims under Rule 4(m) where the plaintiff had not shown good cause for the failure to effect timely service); *Zapata v. City of New York*, 502 F.3d 192, 199 (2d Cir. 2007) (affirming the district court's sua sponte order dismissing the plaintiff's claims for lack of timely service).[1] Accordingly, the Amended Complaint is dismissed without prejudice pursuant to Rules 4(m) and 41(b).

## CONCLUSION

For the reasons set forth above, the Amended Complaint is dismissed without prejudice pursuant to Rules 4(m) and 41(b), Fed. R. Civ. P. The Clerk of the Court shall enter judgment accordingly and close this case.

The Clerk of the Court shall mail a copy of this Memorandum and Order to Dean at her address of record and note such mailing on the docket.

Although Dean paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

---

[1] Because "[d]istrict courts have discretion to grant extensions [under Rule 4(m)] even in the absence of good cause," *Buon v. Spindler*, 65 F.4th 64, 75 (2d Cir. 2023), the Court has considered granting Dean a further extension. However, in light of Dean's demonstrated history of ignoring court orders and missing deadlines, the Court declines to do so.

that, should she seek leave to appeal IFP, any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
December 13, 2024

                                             */s/ Nusrat J. Choudhury*
                                             NUSRAT J. CHOUDHURY
                                             United States District Judge